1  Jon Yonemitsu, Bar No. 199026
   jyonemitsu@littler.com
2  Kara Adelle Ritter Cole, Bar No. 306515
   kcole@littler.com
3  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
4  San Diego, California 92101.3577
   Telephone: 619.232.0441
5  Fax No.:    619.232.4302

6  Attorneys for Defendant
   RAVAGO AMERICAS LLC
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 SI SHEN, an individual,                 | Case No. 2:22-cv-463

12            Plaintiff,                    | **NOTICE OF REMOVAL OF
                                            | CIVIL ACTION BY DEFENDANT
13      v.                                  | RAVAGO AMERICAS LLC**

14 RAVAGO AMERICAS, LLC., a
   Delaware Corporation; EDDIE
15 OROPEZA, an individual; and DOES 1
   through 20, inclusive,
16
              Defendants.
17

18 TO THE HONORABLE COURT, PLAINTIFF AND HER COUNSEL OF RECORD:

19       PLEASE TAKE NOTICE that Defendant RAVAGO AMERICAS LLC.

20 ("RAVAGO" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C.

21 sections 1332, 1441(b) and 1446 to effect the removal of the above-captioned civil

22 action, which was commenced in the Superior Court of the State of California for the

23 County of Los Angeles ("Superior Court"). A true and correct copy of this Notice of

24 Removal will be filed contemporaneously with the Clerk of the Superior Court and

25 provided to counsel for Plaintiff in accordance with 28 U.S.C. § 1446(d). *See*

26 Declaration of Kara A. Cole ("Cole Decl.") ¶ 10. A true and correct copy of the Notice

27 to State Court and All Adverse Parties of Removal of Civil Action, without its

28 accompanying exhibits is attached hereto as Exhibit F. *See id.*

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT

The removal of this civil action is proper for all of the reasons stated below.

## I.   PLEADING, PROCESS, AND ORDERS

1.   This lawsuit arises out of Plaintiff Si Shen's alleged former employment with RAVAGO.

2.   On December 20, 2021, Plaintiff filed a Complaint in the Superior Court of California, County of Los Angeles, entitled *Si Shen v. Ravago Americas, LLC, a Delaware Corporation; Eddie Oropeza, an individual; and DOES 1-20, inclusive*, designated as Case No. 21STCV46235 (the "Complaint"). The Complaint asserts eight (8) causes of action as follows: (1) discrimination in violation of the FEHA; (2) harassment in violation of the FEHA; (3) failure to accommodate; (4) failure to engage in the interactive process; (5) retaliation in violation of the FEHA; (6) failure to investigate and prevent in violation of the FEHA; (7) wrongful termination in violation of the FEHA; and (8) wrongful termination in violation of public policy. *See* Cole Decl. ¶ 3.

3.   On December 22, 2021, the registered agent for service of process for RAVAGO first received copies of the Summons and Complaint via personal service, including the Summons, Complaint, Civil Case Cover Sheet and Addendum, First Amended General Order of the Court, Voluntary Efficient Litigation Stipulations, ADR Information Package, and Notice of Case Assignment. Cole Decl. ¶ 4 and Exhibit A, attached hereto. These are the only documents pertaining to this matter that have been served upon RAVAGO. *See* Cole Decl. ¶ 9.

4.   On December 23, 2021, Plaintiff filed a Proof of Service of Summons reflecting the service on RAVAGO AMERICAS LLC. A true and correct copy of the Proof of Service of Summons on RAVAGO AMERICAS LLC is attached hereto as Exhibit B. Thereafter, on December 28, 2021, the Court noticed an initial Case Management Conference and issued an Order to Show Cause ("OSC") regarding Plaintiff's failure to file a Proof of Service of Summons. Copies of the Notice from the Court setting the initial Case Management Conference is attached to the Notice of

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

2

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT

Removal and the OSC are attached hereto as Exhibits C and D.  *See* Cole Decl., ¶¶ 5-6. The OSC is related to Plaintiff's failure to file the Proof of Service of Summons as to the individually named Defendant Eddie Oropeza.  Mr. Oropeza thus remains unserved and has not entered an appearance in the matter.  *See* Cole Decl., ¶ 7.

5. On January 20, 2022, RAVAGO filed an Answer to Plaintiff's Complaint in state court.  Cole Decl. ¶ 8 and Exhibit E, attached hereto.

6. The Complaint names as an individual Defendant Eddie Oropeza and as additional defendants "DOES 1 through 20, inclusive."  RAVAGO is informed and believes, and on that basis alleges, neither the individually named Defendant Eddie Oropeza nor any of the fictitiously named DOE defendants have been served with the Summons and Complaint.  Therefore, neither the individually named Defendant Eddie Oropeza nor the fictitiously named defendants are not parties to this action and need not consent to removal.  *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. § 1441(a).

## II.   VENUE

7. Pursuant to 28 U.S.C. § 1441(a), removal to this Court is proper insofar as Plaintiff originally filed her Complaint in the Superior Court for the County of Los Angeles, which county is embraced by this district and division.

8. Pursuant to 28 U.S.C. § 1441(a)-(b), the district courts of the United States have original jurisdiction over this action, and this action may be removed to this Court by RAVAGO because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## III.   STATEMENT OF JURISDICTION

### A.   There is Complete Diversity of Citizenship Between Plaintiff and Defendants

#### 1.   Plaintiff is Alleged to be a Citizen of California

9. For diversity purposes, an individual is a citizen of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

3

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT

1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at time lawsuit is filed).

10.    Plaintiff alleges that, "[a]t all times mentioned herein, SI SHEN was a resident of the State of California." Ex. A, Pl. Compl. at ¶ 1.  Plaintiff alleges no intent to leave or relocate from California.  As such, for purposes of this removal, Plaintiff was at all relevant times domiciled in California and, upon information and belief, is a citizen of California for diversity purposes. *See Kantor*, 704 F.2d at 1090; *Ehrman v. Cox Communs., Inc.,* 932 F.3d 1223, 1227 (9th Cir. 2019).

## 2.    Defendant Eddie Oropeza is a Citizen of Texas

11.    As a preliminary matter, 28 U.S.C. section 1441(b)(2) states: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly *joined and served* as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added).  Ninth Circuit courts have found "the plain language of Section 1441(b) persuasive, recognizing that a court may depart from the plain language of a statute only under rare and exceptional circumstances." *Waldon v. Novartis Pharm. Corp.*, No. C07-01988 MJJ, 2007 U.S. Dist. LEXIS 45809, at *6-7 (N.D. Cal. June 14, 2007) (internal citations and quotation marks omitted).

12.    Defendant Oropeza has not yet been served.  Thus, he is not yet properly joined and served pursuant to section 1441(b) and his citizenship may be ignored for purposes of this removal.

13.    Assuming *arguendo* the Court considers Defendant Oropeza's citizenship notwithstanding the lack of service, his citizenship would be determined based on the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 1983) (citizenship determined at time lawsuit is filed).

14.    Defendant Oropeza permanently resides in the State of Texas and primarily works for Ravago Americas LLC in the State of Texas for its Texas

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101-3577
619.232.0441

4

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT

operational facilities.  *See* Declaration of Melissa Van Dine ("Van Dine Decl."), at ¶ 6.
As such, for purposes of this removal, Mr. Oropeza was at all relevant times domiciled
in Texas and is a citizen of Texas for diversity purposes.  *See Kantor*, 704 F.2d at 1090;
*Ehrman v. Cox Communs., Inc.,* 932 F.3d 1223, 1227 (9th Cir. 2019).

### 3.   Defendant Ravago Americas LLC is a Citizen of Delaware and Florida.

15.   For diversity purposes, a limited liability company "is a citizen of every
state of which its owners/members are citizens."  *Johnson v. Columbia Properties
Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

16.   RAVAGO is a Delaware limited liability company.  Van Dine Decl., at ¶ 2.

17.   RAVAGO's sole member is Ravago Holdings America, Inc., a corporation
incorporated under the laws of Delaware with its operational headquarters in Orlando,
Florida.  Van Dine Decl., at ¶¶ 3-5.

18.   For diversity purposes, a corporation "shall be deemed a citizen of any
State by which it has been incorporated and of the State where is has its principal place
of business."  28 U.S.C. § 1332(c)(1).  To determine a corporation's principal place of
business, courts apply the "nerve center" test, which deems the principal place of
business to be the state in which the corporation's officers direct, control, and coordinate
the corporation's activities.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  A
corporation's principal place of business normally is the state in which it maintains its
main headquarters.  *Id.*

19.   From its operational headquarters in Orlando, Florida, officers of Ravago
Holdings America, Inc. perform most of the company's executive and administrative
functions—directing, coordinating, and controlling the corporation's activities.  Van
Dine Decl., at ¶ 5.

/ / /

/ / /

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101-3577
619.232.0441

5

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT

20.     Ravago Holdings America, Inc., RAVAGO's sole member, is a citizen of Delaware and Florida, and is *not* a citizen of California for purposes of determining diversity of citizenship.

21.     Complete diversity of citizenship therefore exists among the named parties.

### 4.     Citizenship of Unserved DOE Defendants is Properly Disregarded for Diversity Purposes

22.     For purposes of removal, the citizenship of defendants sued under fictitious names should be disregarded, and citizenship of only named defendants should be considered.  28 U.S.C. § 1441(a).

23.     Defendants Does 1 through 20 are fictitious.  The Complaint does not state the identity or status of these fictitious defendants, nor does it state any specific allegation of wrongdoing against any fictitious defendants.  Pursuant to § 1441(a), the citizenship of these fictitious defendants cannot destroy the diversity of citizenship between the parties and should be disregarded.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

### B.     The Amount in Controversy Exceeds $75,000.00

24.     Plaintiff's Complaint does not specify the amount she seeks to recover from Defendants.  Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but demands no specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

25.     In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims asserted.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is the amount put "in

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101-3577
619.232.0441

6

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT

controversy" by the plaintiff's Complaint, and not how much the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (citing *Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 397-99 (2d Cir. 2003) (recognizing the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by plaintiff's complaint)). In determining the amount in controversy, the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

26. Although RAVAGO denies Plaintiff's claims have merit or that she is entitled to any relief or recovery whatsoever, were she to prevail on the claims asserted in the Complaint she would be entitled to seek recovery of an amount exceeding the jurisdictional threshold of $75,000. The amount in controversy based on Plaintiff's Complaint that Plaintiff seeks to recover is therefore over the jurisdictional minimum, exclusive of interest and costs.

27. Specifically, were Plaintiff to prevail on every claim asserted, the amount in controversy based on the Complaint is at least:

    a. **$253,307.53** or roughly three and a half years' back wages[1] measured from January 30, 2020 through an anticipated trial date no sooner than July 2023;

    b. **$73,999.95** or a conservative one year of continued wage loss, exclusive of commissions and benefits, post-trial Plaintiff is anticipated to seek given her alleged wrongful termination and apparent disability status;

    c. **$25,000** for emotional distress damages;

---

[1] During her employment with RAVAGO, Plaintiff was also eligible to earn commissions. In calendar year 2019, Plaintiff received over $30,000 in commissions. *See* Van Dine Decl., at ¶ 7. Because Plaintiff's base salary, alone, satisfies the amount in controversy for purposes of this removal, RAVAGO does not separately itemize or value commissions at this time. If the amount in controversy is challenged, however, RAVAGO reserves the right to provide additional evidence regarding anticipated additional economic losses Plaintiff is anticipated to claim.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101-3577
619.232.0441

7

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT

d.      punitive damages; and

e.      reasonable attorneys' fees and costs, available by statute.

**1.      Special Damages – Past Lost Earnings**

28.      Plaintiff's Complaint seeks special damages, including "financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation" resulting from an alleged wrongful termination. *See, e.g.,* Ex. A, Pl. Compl., at ¶ 77 and p. 14 ¶¶ 2-3 (Prayer for Relief).

29.      If Plaintiff prevailed on her wrongful termination claim, she may recover the amount she would have earned up through the date of trial, including any benefits or pay increases.  *See* Judicial Council of California, Civil Jury Instruction ("CACI") 3903P (2020); *Wise v. S. Pac. Co.*, 1 Cal. 3d 600, 607 (1970).

30.      Plaintiff generally worked full-time prior to separation.  Her last rate of pay was a bi-weekly salary $2,846.15 (based on 40 hours per week at $35.5769 per hour). *See* Van Dine Decl., at ¶ 7.  Plaintiff's employment ended on January 30, 2020. *Id.*  A recovery of back wages measured from January 30, 2020 to current would yield approximately **$145,153.75** ($35.5769/hr. *x* 40 hrs. *x* 102 weeks), exclusive of commissions and benefits.

31.      Assuming a case disposition timeline of not less than 18 months from removal based on the ongoing pandemic and impact on the courts, Plaintiff's past wage loss claim through trial is anticipated to be no less than **$253,307.53** ($35.5769/hr. *x* 40 hrs. *x* (100+78) weeks).

32.      Applying a conservative eighteen month time period above to conclusion of the case, the minimum threshold amount in controversy is exceeded by Plaintiff's past wage loss claim alone.

**2.      Special Damages – Future Lost Earnings/Earning Capacity**

33.      In addition to past wage loss, if Plaintiff prevailed on her wrongful termination claim, she may recover "the present cash value of any future wages and

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101-3577
619.232.0441

8

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT

benefits that she would have earned for the length of time the employment was reasonably certain to continue." *See* CACI 3903P.  In determining the amount of time the employment was reasonably certain to continue, the court considers the plaintiff's age, work performance, intent, the defendant's prospects for continued operations, and any other factor that bears on how long plaintiff would have continued to work for defendant. *Id.*

34.     Previous awards of front wages in California exceed several years.  *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabaga-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97-99 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years).  The guiding principle is the time the plaintiff was reasonably certain to have continued employment with defendant.  CACI 3903P.

35.     "The U.S. Supreme Court has cited with apparent approval lower court cases upholding front pay awards 'equal to the estimated present value of lost earnings that are reasonably likely to occur between the date of the judgment and the time when the employee can assume his new position.'"  *Id.* (quoting *Pollard v. E.I. du Pont de Nours & Co.*, 532 U.S. 843, 850 (2001)).

36.     Here, Plaintiff was a full-time employee with several years of history with the company.  Conservatively estimating Plaintiff would only have at least remained employed through at least a period one year post-trial, the front pay calculation based on a 40-hour workweek adds an additional **$73,999.95** ($35.5769/hr. *x* 40 hrs. *x* 52 weeks) to the amount in controversy.

### 3.     General Damages – Emotional Distress

37.     Plaintiff seeks damages for emotional distress, including "humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms" and "anger, anxiety, embarrassment, headaches, humiliation, loss of sleep, confidence, self-esteem and general discomfort."  *See* Ex. A, Pl. Compl., at ¶¶ 33, 37.  These damages are a part of the amount in controversy calculation.  *See Cain v. Hartford Life*

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

9

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT

& *Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) (holding that emotional distress damages are included in determining amount in controversy); *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

38.     In *Kroske*, the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, even where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees."  432 F.3d at 980.  Based on *Kroske*, an additional $25,000 amount in controversy figure would not be an unreasonable assessment here.

39.     As the amount in controversy is already above $75,000 based on claimed economic damages alone, RAVAGO does not derive a more precise figure for emotional distress damages for the purposes of this removal.  If the amount in controversy is challenged, RAVAGO will request leave to provide the Court with a more precise figure.

### 4.     Punitive Damages

40.     Plaintiff seeks punitive and exemplary damages.  *See* Ex. A, Pl. Compl. at p. 14 ¶ 8 (Prayer for Relief).  California provides for punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."  Cal. Civ. Code § 3294(a).

41.     Punitive damages may be included in calculating the amount in controversy.  See *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).

/ / /

/ / /

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

10

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT

42.     A single-digit ratio (i.e., no more than nine-to-one) of compensatory to punitive damages is more likely to comport with due process. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

43.     Here, Plaintiff alleges that after becoming ill with a kidney infection, and being placed off work *inter alia* for surgery, she was pressured to return to work to attend trainings and "hit the pavement" as part of her job.  After being told by her supervisor that her numbers and performance were "unsatisfactory," Plaintiff alleges she asked her doctor to release her back to work prematurely.  Even after Plaintiff advised her supervisor that her numbers had suffered "as a result of her illness and medical leave, and that she returned to work before it was medically advised to do so" she was terminated. Plaintiff alleges RAVAGO "terminated her in retaliation for her disability/perceived disability, medical condition, request and use of medical leave, [and] in retaliation for her complaints." *See* Ex. A, Pl. Compl. at ¶¶ 9-26.

44.     Jury verdicts in similar California cases involving punitive damage awards show a potential amount in controversy well above $75,000.00.

a.     For instance, in *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009), plaintiff alleged her employer refused to accommodate her panic attacks by permitting her to be absent without notice, and ultimately terminated her employment for violating its attendance policy.  The plaintiff asserted claims for disability discrimination and harassment, failure to accommodate, and wrongful termination.  The jury returned a verdict for the plaintiff and awarded punitive damages of $15 million against the employer.  The intermediate appellate court reduced the punitive damages award to $2 million, and the California Supreme Court further reduced it to $1,905,000 (equal to the compensatory damages award).

b.     In *McGee v. Tucoemas Federal Credit Union*, 153 Cal. App. 4th 1351 (2007), plaintiff alleged her employer required her to return to work after four months following breast cancer treatments, telling her she would be fired if she needed more time.  Upon returning to work, she was demoted to a position that involved greater

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101-3577
619.232.0441

11

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT

physical demands.  The plaintiff resigned due to stress.  She then sued alleging claims of disability discrimination, failure to accommodate, and failure to engage in the interactive process.  The jury returned a verdict for plaintiff and awarded $1.2 million in punitive damages.  The appellate court affirmed the punitive damages award.

45.     Here, Plaintiff alleges wrongful termination based upon an underlying violation of public policy prohibiting harassment, discrimination and/or retaliation in the workplace.  *See generally,* Ex. A, Pl. Compl.  Although RAVAGO disputes any alleged wrong or that Plaintiff may recover any amount in punitive damages, the *Roby* and *McGee* decisions illustrate that if Plaintiff prevailed on her claims, a punitive damages award in her favor could exceed $1 million.

46.     As the amount in controversy discussed *supra* already far exceeds $75,000.00, RAVAGO does not allege any more precise punitive damages figure for the purposes of this removal.  If the amount in controversy is challenged, RAVAGO will request leave to provide the Court with a more precise figure.

### 5.     Attorneys' Fees

47.      Plaintiff's Complaint alleges violations of California's FEHA, which authorizes an award of reasonable attorneys' fees to a prevailing plaintiff.  Cal. Gov. Code §12965(b).  Plaintiff's Complaint also includes a claim for attorney's fees.  *See* Ex. A, Pl. Compl. at p. 14 ¶ 4 (Prayer for Relief).  Such fees cannot yet be calculated precisely, but in some single-plaintiff discrimination cases fees have exceeded compensatory damage awards.  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

48.     Attorneys' fees potentially recoverable by statute also are included in determining the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

49.     An estimate of attorneys' fees for this purpose includes all reasonably anticipated fees over the life of the case.  *Id.*  Recent estimates for the number of hours

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

12

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT

1  expended through trial for employment cases have ranged from 100 to 300 hours.  For
2  instance, one court has noted fees in [an employment discrimination case alleging
3  wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours
4  x $300 per hour)."  *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6
5  (C.D. Cal. Mar. 3, 2015) (Birotte, J.) (citations omitted).  Upon information and belief,
6  RAVAGO anticipates opposing counsel will request substantially higher fees through
7  trial, including expert and related court costs, if Plaintiff prevailed and proved an
8  entitlement to fees as pleaded in the Complaint.

9       50.    Based on the foregoing, RAVAGO plausibly alleges an amount in
10  controversy well in excess of $75,000.00.   A preponderance of the evidence
11  demonstrates the amount in controversy exceeds $75,000.00 for purposes of removal
12  based on diversity jurisdiction, exclusive of interest and costs.

13  **IV.    COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

14       51.    As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders
15  served upon RAVAGO in the state court action are attached to this notice.

16       52.    This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as it is
17  being filed within thirty days of service of the Complaint on RAVAGO on December
18  22, 2021, and within one year after commencement of this action.

19       53.    As required by 28 U.S.C. § 1446(d), RAVAGO will promptly provide
20  written notice of this Notice of Removal to Joseph M. Lovretovich, Jared W. Belkie,
21  and Karina Godoy of JML Law, APLC, counsel for Plaintiff, and will also promptly
22  file a copy of this Notice of Removal with the Clerk of the Superior Court of the State
23  of California, County of Los Angeles.  *See* Ex. F.

24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

13

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT

1

## V.    CONCLUSION

2      54.    WHEREFORE, having fulfilled all statutory requirements, RAVAGO

3  removes this action from the Superior Court of the State of California, County of Los

4  Angeles, to this Court, and requests this Court assume jurisdiction over this matter as

5  provided by law.

6  Dated:  January 21, 2022

7                                  LITTLER MENDELSON, P.C.

8

9                                  /s/ *Kara A. Cole*

10                                  Jon Yonemitsu
                                Kara Adelle Ritter Cole

11                                  Attorneys for Defendant
                                RAVAGO AMERICAS LLC

12  4862-8077-1081.1 / 095117-1000

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

14

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT